THE STATE OF NEW JERSEY, EX REL. SAMUEL KIRBY,
RELATOR, v. EDWARD S. LEE, RESPONDENT.

Argued June 5, 1908—Decided November 9, 1908.

Under Constitution, article 7, section 2, paragraph 6, and article 5,
paragraph 12, providing that county clerks shall be elected at an
annual election for members of the general assembly and hold
office for five years, and that when any vacancy occurs the gov-
ernor shall fill it until a successor is elected, and the act of April
4th, 1898 (*Pamph. L., pp.* 237, 304, §§ 6, 139), providing that
county clerks shall be elected at a general election once every
five years, and that any vacancy in the office shall be supplied
at the general election, unless the vacancy happens within fifteen
days preceding the election, a vacancy is created by the death of
a county clerk, and where such death is more than fifteen days
before the general election it may be filled at such election, though
the governor has appointed one to fill the vacancy.

On demurrer to an information praying for process of law
against Edward S. Lee to answer by what warrant he
claims to hold the office of county clerk of the county of
Atlantic.

Before Justices REED, BERGEN and VOORHEES.

For the relator, *Joseph H. Gaskill.*

For the respondent, *Bourgeois & Sooy.*

The opinion of the court was delivered by

REED, J. The question raised by the pleadings arises from
the following admitted facts: Lewis P. Scott was elected
county clerk of Atlantic county at a general election for
members of assembly held in November, 1905. Mr. Scott
died in November, 1907. Edward S. Lee, the respondent,
was appointed by Governor Stokes on December 6th, 1907,
to fill the vacancy created by the death of Mr. Scott. At

the last general election, Samuel Kirby was elected to the office of county clerk of Atlantic county, and has qualified as such.   Mr. Lee refuses to surrender the office to Mr. Kirby. This writ is sued out to inquire by what right Mr. Lee still retains the office.

The insistence of Mr. Lee is that his appointment was for the unexpired term of Mr. Scott, whose term would have expired in November, 1910, had he lived to that period.

So far as the situation is controlled by the statutes of this state, the solution of the question propounded is plain.   The act to regulate elections (*Pamph. L.* 1898, *p.* 237, § 6), enacts that the clerks, registrars of deeds, and surrogates of counties, shall be elected by the people of their respective counties at a general election once in every five years.   Section 136 of this statute (*Pamph. L.* 1898, *p.* 304) enacts that "Any vacancy happening in the office of  *  *  *  clerk  *  *  *  of any county, shall be supplied at the general election next succeeding the happening thereof, unless such vacancy shall happen within fifteen days next preceding such election, in which case such vacancy shall be supplied at the second succeeding general election."

Mr. Scott having died more than fifteen days before the last general election, the people of Atlantic county had the statutory right to elect a new clerk at that election.

It is insisted, however, that this statutory provision respecting the filling of vacancies in the office of county clerk is in contravention of our state constitution.

The constitutional provisions invoked in support of this contention are article seven, section two, paragraph six, and article five, paragraph twelve, of that instrument.

The first of these clauses is this: "Clerks and surrogates of counties shall be elected by the people of their respective counties at an annual election for members of the general assembly.   They shall hold their office for five years."

The second of these constitutional provisions is this: "When a vacancy happens in the office of a clerk or surrogate of any county, the governor shall fill such vacancy, and

the commission shall expire when a successor is elected and qualified."

It is not perceived how these provisions antagonize the already quoted clauses in the Election act. The constitution does not say that there shall be an election for the office of county clerk once in every five years. The clause in the Election act does use that language, but that clause is to be read in connection with the clause providing for the filling of vacancies, which modifies the language of the previous provision.

The constitution merely states how the clerks of counties are to be elected and how long they shall hold office; it does not state that there shall be an election for clerks at certain general elections, which elections shall be separated by a period of five years. Nothing in the constitution prevents the election of a clerk at any general election for members of assembly, save the fact that there will be no vacancy to which the candidate can be elected.

When, however, an incumbent dies, there is a vacancy, and another elected at any general election thereafter, so far as the language of the constitution controls, is the *de jure* clerk. The exercise by the governor of his constitutional power to fill this vacancy in no way impairs the right to elect at the ensuing general election, for the constitution itself provides that the appointment shall expire when a successor is elected and qualified.

We are therefore of the opinion that there should be judgment for the relator.